IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DERRICK ALLEN,

    Plaintiff,

v.                                                CASE NO. 4:07-cv-00469-RH-GRJ

R AUSTIN, et al,

    Defendants.

_____/

## O R D E R

Pending before the Court are the following motions filed by Plaintiff: Motion to Appoint Counsel (Doc. 113); Motion to Release Record (a copy of the Second Amended Complaint) (Doc. 114); and Motion to Release Record (a copy of the Defendants' first motion for summary judgment). (Doc. 119.)

Plaintiff contends that this case requires appointment of counsel because it is complex. The Court disagrees. Rather the claims asserted by Plaintiff – excessive use of force and retaliation – are fairly common issues in prisoner civil rights cases and issues with which the Court is very familiar. The fact that Plaintiff may have difficulty going to the law library and the law library at the facility where Plaintiff presently is housed may not be adequate, there is no need for legal research at this point in the proceedings. Although every legal case would likely be enhanced by the services of a trained professional, Plaintiff's status as an indigent litigant does not establish a constitutional right to counsel. Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990) (appointment of counsel is a privilege, not a right). The Court has broad discretion in making the decision to appoint counsel, and in this case it does not find that exceptional

circumstances exist to warrant such appointment. See Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999) (only exceptional circumstances warrant appointment).

Plaintiff also requests a copy of the Second Amended Complaint (Doc. 112) explaining that he failed to keep a copy for himself because the law library is careless and slow. (Doc. 114). The Clerk will be instructed to provide Plaintiff with a copy of the Second Amended Complaint. Plaintiff does not need to send service copies to any of the Defendants. Plaintiff has requested copies of his court papers before. (Docs. 33, 38, 108 and 109.) Consequently, Plaintiff is advised that this will be the last time the Court will provide copies. Plaintiff is therefore directed to keep copies of all papers filed with the Court until this lawsuit has concluded.

Finally, Plaintiff requests a copy of Defendant's recently renewed motion for summary judgment (Doc. 116) because Plaintiff lost his legal papers and needs the original motion "to effectively litigate his cause...." (Doc. 119, at 1.) The docket, however, reflects that Plaintiff already has filed a response to the renewed motion for summary judgment (Doc. 117) and filed a declaration. (Doc. 118.) As such, nothing further is necessary "to litigate this cause" until the Court rules on the pending motion for summary judgment. However, because the original motion for summary judgment is not attached to the renewed motion, Defendants are directed to send to Plaintiff a copy of Defendants' first motion for summary judgment. (Doc. 87.)

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion to Appoint Counsel (Doc. 113) is **DENIED**.

2. Plaintiff's Motion to Release Record requesting a copy of his Second

Amended Complaint (Doc. 114) is **GRANTED**. The Clerk is directed to mail to Plaintiff a copy of the Second Amended Complaint. (Doc. 112).

3. Plaintiff's Motion to Release Record (Doc. 119) is **GRANTED**. **Defendants shall mail a copy of Document 87, including all exhibits, to Plaintiff on or before January 18, 2011**.

**DONE AND ORDERED** this 27th day of December, 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge