UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DERRICK ALLEN,

    Plaintiff,

v.                              Case No.  4:07-CV-469-RH-GRJ

JAMES MCDONOUGH, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Renewed Motion For Summary Judgment (Doc. 116), to which Plaintiff has responded (Doc. 117).  Accordingly, this matter is ripe for review.  For the reasons discussed below, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment (Doc. 116) be **GRANTED.**

## I. BACKGROUND

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging constitutional violations stemming from events on September 15-16, 2006.  Defendants in the case are former Secretary of the Department of Corrections James McDonough; Duty Warden Richard Schlaf; Assistant Warden Jerry J. Long; and Correctional Officers Rollin Austin, John Doe, Michael D. Fordham, Richard Harden, Hires, Kimberly Hollenbeck, Robert Millender, Keith Murray, Randall Segree, Stratton, and Velmon Watson.  (Docs. 87, 112).

The record shows that on September 15, 2006, Plaintiff received a disciplinary report for Disrespect to Officials. He was then placed in administrative confinement. (Doc. 112, p. 52). Plaintiff subsequently caused a disruption by waving his hands and yelling. Attempts to counsel Plaintiff were unsuccessful, and Plaintiff broke off the fire suppressant system valve in his cell, causing flooding. Correctional officers subsequently administered chemical agents into the cell, although the first attempt at administration failed because Plaintiff reached through the food flap of the cell door and removed the chemical agent canister from Defendant Watson's hand. Three applications of chemical agents were applied until Plaintiff complied with the officers' orders. (Doc. 87-2, p. 7; Doc. 112, pp. 46-49).

Plaintiff then showered and was examined by Nurse Lazarus. At that time Plaintiff also declared a Psychological Emergency. Nurse Lazarus noted Plaintiff's only complaints were of burning in the arm and thigh. She did not note any bruises or redness, and Plaintiff's skin was intact. Plaintiff required no further medical attention following the incident and no signs of respiratory distress were observed. (Doc. 87-2, p. 17). As a result of the disturbances on September 16, 2006, Plaintiff received four disciplinary reports for Spoken Threats, Disorderly Conduct, Tampering with a Safety Device, and Destruction of State Property. (Doc. 112, pp. 44, 46, 47, 49). A hearing was held for the infractions, Plaintiff was found guilty of all infractions, and he received disciplinary confinement. (Doc. 112, pp. 44-49).

Plaintiff contends that due to the attack, he suffered from "emotional mental deterioration," acute paranoia, and post traumatic stress disorder. (Doc. 112, p. 26). Plaintiff also alleges pain and suffering, skin irritation, burns, lost vision, burning pain on

his penis and anal area, and respiratory problems as a result of the administration of chemical agents. (Doc. 112, p. 16). Plaintiff does not deny that he was disruptive, broke the sprinkler valve, grabbed a cannister of chemical agent from a correctional officer's hand, and used various items in the cell to prevent the chemical agent from permeating the cell. Rather, Plaintiff contends that these actions were all in the nature of self-defense against the retaliatory actions of correctional employees. Other allegations made by Plaintiff in his Second Amended Complaint include the following (Doc. 112):

- Defendants McDonough and Schlaf were aware of an abusive pattern of behavior by the other defendants. (Doc. 112, p. 22).
- Defendants Schlaf and Long violated his First Amendment rights by throwing away his grievances regarding a pattern of abuse at Franklin Correctional Institution. (Doc. 112, pp. 22-23).
- Defendant Long ordered retaliatory conduct against him. (Doc. 112, p. 23).
- Sergeant Austin failed to serve him lunch on September 15, 2006. Sergeant Austin and Officers Segree and Harden conspired to deprive him lunch and have him sprayed with chemical agents by removing him to a new cell. (Doc. 112, p. 23).
- Defendant Fordham stomped on his foot on September 15, 2006, so that other defendants could conspire and carry out a retaliatory "gassing." (Doc. 112, pp. 23-24).

- Captain Murray failed to protect him from Officer Fordham's actions, smacked him in the face, pulled his arm, and refused to allow him to fill out an incident report. (Doc. 112, p. 24).

- Sergeant Hires removed his blue uniform to prepare him for the chemical agent "attack." (Doc. 112, p. 24).

- Officer Hollenbeck unlawfully conspired to deny Plaintiff a disciplinary report investigation, verbally assaulted him, lied to get him "gassed," sexually harassed Plaintiff by making sexual gestures with her tongue and hands and violated his Fourth Amendment rights. (Doc. 112, p. 24).

- Officer Millender was aware Plaintiff was being "set up" to be gassed, unlawfully authorized false disciplinary reports, and knew that Plaintiff's breaking the sprinkler head and grabbing a chemical agent canister from an officer was self defense. (Doc. 112, p. 25).

- Sergeant Stratton conspired to falsify disciplinary reports against him and threatened him with "gassing." (Doc. 112, p. 25).

- Officers Segree, Harden, Miller, Watson, and Austin all unlawfully participated in spraying him with chemical agents and giving Hollenbeck the camera to sexually harass Plaintiff. (Doc. 112, p. 26).

Plaintiff initiated this lawsuit on November 5, 2007 (Doc. 1) and filed the second amended complaint on November, 10, 2010, claiming First Amendment, Fourth Amendment, Eighth Amendment, and Fourteenth Amendment violations. Plaintiff seeks nominal damages in the amount of $1,000 against each defendant and punitive damages of $2,000 against each defendant. Plaintiff seeks a declaratory judgment

removing the disciplinary reports from Plaintiff's record.  Plaintiff also requests the Court to direct the Florida Department of Law Enforcement to investigate abuse of chemical agents and to improve policies on using chemical agents.  (Doc. 112).

In support of their motion for summary judgment, Defendants have submitted affidavits of Sergeant Austin, Lieutenant Millender, Sergeant Watson, Inspector Donna Hoffman, Warden Schlaf, Officer Segree, Officer Hollenbeck, and Officer Carter, which substantiate the allegations made in the disciplinary reports.  Defendants have also submitted a disciplinary report relating to the incident the day prior to the administration of chemical agents, the post use of force medical records, and a copy of the case *Johnson v. Moody*, 206 Fed. Appx. 880 (11th Cir. 2006).  (Doc. 87, Exhs. A-K). Defendants argue that there is no dispute as to any material fact and that they are entitled to summary judgment on all claims.  (Doc. 116).  Evidence submitted by Plaintiff consists of his allegations, copies of his letters to prison officials regarding the incident, and copies of grievance and disciplinary materials.  (Doc. 112).

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." *Samples on Behalf of Samples v. Atlanta,* 846 F. 2d 1328, 1330 (11th Cir. 1988). As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the moving party bears the

initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987). The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785-86 (11th Cir. 2005).

In civil actions filed by inmates, federal courts "must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgement stage." *Beard v. Banks, 548 U.S. 521, 530 (2006)*. Conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact. *See, e.g., Waddell v. Valley Forge Dental Associates, Inc., 276 F.3d 1275, 1279 (11th Cir. 2001).*

### III. DISCUSSION

**A. Eighth Amendment Excessive Force Claim**

Under the Eighth Amendment, force is deemed legitimate in a prison setting as long as it is used "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Whitley v. Albers, 475 U.S. 312, 320-21 (1986)*, quoting *Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973).* A variety of factors are considered in determining whether the force was applied maliciously or

sadistically, including the need for force, the relationship between that need and the amount of force used, the threat reasonably perceived by the prison officials applying it, and any efforts made to temper the severity of the force used. A *de minimis* use of force, as evidenced by no injury, typically cannot support a claim of excessive use of force. *Hudson v. McMillian, 503 U.S. 1, 7-8 (1992).*

**1. Plaintiff's Allegations of Battery on the Morning of September 15, 2006**

Plaintiff contends that on the morning of September 15, 2006, Defendant Fordham stomped on his foot, causing pain that has persisted at least through the filing of his second amended complaint. (Doc. 112). Plaintiff also alleges that on that same morning Defendant Murray grabbed him by the arm and "smacked him hard on the side of the face" causing Plaintiff to have shoulder pain and "his jaw now snaps out of place when he opens his mouth wide." (Doc. 112, p. 13). Other than the conclusory allegations made by Plaintiff in his pleadings, grievances, and letters, Plaintiff offers no other credible evidence to support this claim. Plaintiff has failed to submit any medical records supporting his contention that the alleged injuries to his foot, face, and arm occurred or were as severe as he purports. The medical records that have been submitted to the Court, however, evidence that Plaintiff did not complain of these alleged injuries when he was examined by a nurse on September 16, 2006, the day after the alleged injuries occurred. (Doc. 87-2, p. 17). Plaintiff has not alleged that Nurse Lazarus falsified the medical records.

Plaintiff has submitted no evidence of injuries incurred at the hands of Defendants Fordham or Murray. Viewing the evidence in the light most favorable to the Plaintiff, the stomping of his foot, pulling his arm, and slapping him in the office amount

to *de minimis* uses of force, as evidenced by the fact that there is no medical records disclosing an injury and, therefore, Plaintiff has failed to produce evidence to support a claim of excessive use of force.[1]  While Plaintiff alleges that these actions were malicious and part of a conspiracy to punish him for filing grievances, he offers nothing more than his conclusory allegations to support this claim.  Consequently, summary judgment is due to be granted in favor of the defendants on this claim.

**2.  The Administration of Chemical Agents on September 16, 2006**

The use of chemical agents on disruptive prisoners is not *per se* unconstitutional. *Danley v. Allen, 540 F.3d 1298, 1307 (11th Cir. 2008)* ("Pepper spray is an accepted non-lethal means of controlling unruly inmates[,]. . .[and a] short burst of pepper spray is not disproportionate to the need to control an inmate who has failed to obey a jailer's orders."); *Soto v. Dickey, 744 F. 2d 1260, 1270 (7th Cir. 1984)* ("The Supreme Court has never held, nor have we or any other court of appeals, so far as we can determine, that the use of tear gas or a chemical agent is a per se violation of the Eighth Amendment. . ."); *Spain v. Procunier, 600 F.2d 189, 196 (9th Cir. 1979)* ("use of nondangerous quantities of [tear gas] in order to prevent a perceived future danger does not violate 'evolving standards of decency' or constitute an 'unnecessary and wanton infliction of pain'")*.*  However, when chemical agents are used unnecessarily, without penological justification, or for the purpose of punishing or harming an inmate, the use is unconstitutional.  *See Danley, 540 F.3d at 1311* (holding that prolonged exposure to pepper spray due to a failure to properly decontaminate an inmate may form the basis

---

[1] Id. at 7.

of an Eighth Amendment claim); *Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008) (use of additional bursts of pepper spray after inmate attempted to comply sufficiently alleged Eighth Amendment claim).

Plaintiff alleges that chemical agents were administered into his cell as part of a conspiracy by corrections officials and officers to retaliate against him for filing grievances. The undisputed material facts show that Plaintiff broke the sprinkler valve in his cell, causing flooding. Chemical agents were subsequently administered until Plaintiff was compliant. Plaintiff alleges that the chemical agents were administered solely to punish him for filing prior grievances. He does not deny his actions prior to the administration of the chemical agents but contends that these actions were in the nature of self-defense against the retaliatory actions of correctional employees. When administered solely for punitive reasons or to inflict pain, the use of chemical agents can rise to the level of an Eighth Amendment violation. While Plaintiff has submitted some evidence of filing a grievance prior to September 15, 2006 (Doc. 112, p. 42), his accusations of a conspiracy to violate his constitutional rights are not supported by any evidence other than his subjective speculation.

In contrast, Defendants have submitted a number of affidavits in support of their motion for summary judgment wherein they corroborate the facts as previously described in the disciplinary reports. Conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact. *See, e.g., Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001). Plaintiff has failed to produce any evidence of a conspiracy to punish him for filing grievances by way of

"gassing" him while in administrative confinement, and consequently summary judgment is due to be granted in favor of the Defendants on this claim.

### 3. The Alleged Sexual Harassment by Officer Hollenbeck

The Eleventh Circuit has recognized that severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment. *Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006).* "[S]exual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society." *Boddie v. Schnieder, 105 F.3d 857, 861 (2nd Cir. 1997).* The Eleventh Circuit concluded that there are two components to such a claim: (1) the injury must be objectively, sufficiently serious (more than *de minimis*); and (2) the corrections officer must have a sufficiently culpable state of mind. *Boxer, 437 F.3d at 1111.*

The culpable state of mind of the corrections officer, the second component, may be inferred from the act of sexual abuse, but "isolated episodes of harassment and touching" do not meet the first requirement, although such acts are despicable and potentially the basis of a state court tort action, they may not be of constitutional proportions. *Boxer, 437 F.3d at 111, citing Boddie, 105 F.3d at 861.* Other district courts addressing the issue have held that "one incident of non-violent harassment alone was not sufficient to meet the cruel and unusual punishment standard." *Marino v. Commissioner, No. 8-326-B-S, 201 WL 2731791, *10 (D. Me. June 30, 2010)* (inmate forced to walk around holding his own genitals)*; Silvagnoli v. Fischer, No. 9:07-CV-561 (NAM/GJD), 2010 WL 1063849, *14 (N.D.N.Y. Mar. 1, 2010)* (guard alleged to have attempted to grab inmate's groin area)*; White v. Bergenstock, No. 9:08-CV-717*

(FJS/DRH), 2009 WL 4544390, *4 (N.D.N.Y. Nov. 25, 2009) (guard told inmate to show him his penis if he wanted extra food).

With regard to the alleged sexual harassment – accepting Plaintiff's version of the facts as true for purposes of this motion – the only sworn evidence from Plaintiff is that Defendant Hollenbeck made sexual comments and gestures to Plaintiff during his decontamination shower. Under the case law cited above, these facts do not rise to the level of a constitutional violation under the Eighth Amendment, and therefore Defendants are entitled to summary judgment on this claim.

**B. First Amendment – Retaliation**

Plaintiff alleges that he was "gassed" in retaliation for filing prior grievances regarding treatment of inmates at Franklin Correctional Institution. (Doc. 112, p. 11). Plaintiff also contends that some Defendants threw away his grievances, failed to process grievances, and fabricated disciplinary reports. The First Amendment prohibits state officials from retaliating against prisoners for exercising their free speech rights, though legitimate correctional policies might justify restrictions on prisoner speech. *See, e.g., Wright v. Newsome*, 795 f. 2d 964, 968 (11th Cir. 1986); *Pell v. Procunier*, 417 U.S. 817, 821 (1974). To proceed on a claim for retaliation and withstand entry of summary judgment, the inmate must establish: (1) the speech was constitutionally protected; (1) he suffered adverse consequences that would deter an ordinary person from engaging in such speech; and (3) there is a causal relationship between the protected speech and the retaliatory action. *See Bennett v. Hendrix*, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005).

Plaintiff alleges Defendants retaliated against him for complaining about treatment of inmates, thus satisfying the first element. The second element requires Plaintiff to demonstrate that the "gassing" would likely deter an ordinary prisoner from complaining to prison officials. Taking Plaintiff's version of the facts as true (though they are based on conclusory allegations), this element would be met. The final element focuses on the subjective motivation of the defendants. Defendants deny any retaliation occurred and have submitted sworn affidavits to that effect. Plaintiff offers only his conclusory allegations that the correctional defendants retaliated against him for expressing himself. "Conclusory allegations of retaliation without 'some facts' that would indicate the retaliatory act was in retaliation for filing grievances is not sufficient." *Wineston v. Pack, 2009 U.S. Dist. LEXIS 87834*, *33 (N.D. Fla. 2009). Thus, Defendants are entitled to summary judgment on this First Amendment claim because Plaintiff has failed to establish by appropriate evidence a causal relationship between the content of his expression and the adverse action taken against him. *See Lee v. Thomas, 2011 U.S. Dist. LEXIS 14643, *38 (M.D. Ala. 2011).*

In addition, to the extent Plaintiff alleges that the disciplinary reports related to the September 15 and 16, 2006 incidents were fabricated in retaliation, he cannot maintain this claim as a matter of law because he was convicted of the underlying behavioral violation and evidence exists to sustain the conviction. *O'Bryant v. Finch, 637 F.3d 1207, 1215 (11th Cir. 2011)* ("an inmate cannot state a claim of retaliation for a disciplinary charge involving a prison rule infraction when the inmate was found guilty of

the actual behavior underlying that charge after being afforded adequate due process.").[2]  Accordingly, summary judgment in favor of Defendants is warranted.

## C. Fourth Amendment – "Invasion of Privacy"

Plaintiff makes a generalized allegation of a Fourth Amendment "invasion of privacy" violation in connection with reportedly being videotaped by Defendant Hollenbeck while taking his decontamination shower.  To the extent Plaintiff is arguing that this was a Fourth Amendment violation, summary judgment in favor of Defendants is warranted.  The Fourth Amendment protects against unwarranted searches and seizures.  Furthermore, prisoners "do not enjoy the same Fourth Amendment rights as free persons" and are subject to searches of their prison cells, visual body-cavity searches without individualized suspicion and undergo routine testing of bodily fluids for drugs.  *Padgett v. Donald,* 401 F.3d 1273, 1278, 1280 (11th Cir. 2005).  Plaintiff was voluntarily taking a decontamination shower and appears to take issue that the process was being documented with a video camera.  These allegations do not rise to the level of a Fourth Amendment violation.  Thus, summary judgement in favor of Defendants is warranted.

## D. Fourteenth Amendment

Plaintiff makes general references to violations of the due process and equal protection clauses of the Fourteenth Amendment.  To the extent Plaintiff argues that the disciplinary process which resulted in disciplinary confinement did not comport with the Fourteenth Amendment, summary judgment in favor of Defendants is warranted.

---

[2] For the reasons discussed in section D, below, the Court finds that Plaintiff was afforded adequate due process.

*Case No: 4:07-cv-469-RH-GRJ*

Inmates in prison disciplinary proceedings must receive the following to satisfy procedural due process standards: 1) advance written notice of charges; 2) an opportunity to call witnesses and present evidence; and 3) "a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action." *Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).* Plaintiff does not allege with any specificity that any of these three requirements were flawed in the disciplinary proceedings related to the events of September 15-16, 2006.  Further, the record supports a finding that the requirements of procedural due process were satisfied in this case.  Plaintiff has failed to respond with evidence creating a genuine issue of material fact and, therefore, summary judgment in favor of Defendants on this claim is warranted.

## IV. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that:

Defendants' Renewed Motion For Summary Judgment (Doc.116) should be **GRANTED**.

IN CHAMBERS  this 17th day of August 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 4:07-cv-469-RH-GRJ*