IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DERRICK ALLEN,

    Plaintiff,

v.                                CASE NO. 4:07cv469-RH/GRJ

JAMES McDONOUGH et al.,

    Defendants.

_____/

## ORDER DENYING THE SUMMARY-JUDGMENT MOTION

This prisoner civil-rights case is before the court on the defendants' summary-judgment motion, the magistrate judge's report and recommendation concluding the motion should be granted, and the plaintiff's objections. I have reviewed *de novo* the issues raised by the objections. This order adopts the report and recommendation as the court's opinion, with this additional note.

On the afternoon of September 16, 2006, the defendant correctional officers sprayed the plaintiff with oleoresin capsicum. The plaintiff says the defendants sprayed him to retaliate for the plaintiff's filing of grievances about events that occurred on September 15. It of course is unconstitutional to spray a prisoner for

nothing more than peacefully filing a grievance. The defendants say, though, that they sprayed the plaintiff for being disruptive on September 16—yelling obscenities at an officer and thus disrupting the facility—and that spraying the plaintiff was necessary to restore order. Indeed, they say that before the plaintiff was sprayed, he broke his cell's sprinkler valve, causing flooding. It ordinarily is not unconstitutional to spray a prisoner if necessary to restore order. If the plaintiff was yelling obscenities at the officer and would not stop without being sprayed, the defendants are entitled to prevail—either on the ground that this was not unconstitutional, or at least on the ground that it was not unconstitutional as a matter of clearly established law, thus affording the defendants qualified immunity.

The record establishes without dispute that a disciplinary report was issued to the plaintiff for disruptive behavior on the morning of September 15, 2006. The plaintiff says, and I accept as true, that he filed a grievance in response to the disciplinary report. The plaintiff was later convicted of the disciplinary violation, resulting in a loss of gain time. The plaintiff therefore cannot contend, as a basis for this civil-rights action, that he was not disruptive on September 15 as charged; a civil-rights claim based on such an assertion would be barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997). So I accept as true the assertion that the plaintiff was disruptive on September 15.

But the plaintiff was not sprayed until more than 24 hours later, on September 16. He of course could not properly be sprayed on September 16 for being disruptive on September 15. Nor could he be sprayed in retaliation for filing a grievance.

The controlling question is this: based on the sworn evidence in this record, was the plaintiff being sufficiently disruptive on September 16 to warrant the use of the spray, or was he sprayed for no constitutionally sufficient reason?

Each side has submitted sworn evidence in support of its position. The defendants have submitted multiple affidavits setting out the facts with commendable precision. On their version, the defendants would plainly be entitled to prevail. Thus, for example, one officer's affidavit says he was conducting a security check on September 16 when the plaintiff "approached the door while waving his hands in the air in a disorderly manner and yelling out of his cell into the confinement wing obscenities at me" concerning the prior day's disciplinary report. ECF No. 87-2 at 7. The affidavit says efforts to counsel the plaintiff were unsuccessful. The affidavit says the plaintiff broke the cell's sprinkler valve and, when another officer attempted to spray the plaintiff, the plaintiff took the spray canister from the officer. The affidavit says only after all this was the plaintiff sprayed.

The plaintiff submitted a response that was sworn "under penalty of perjury." ECF No. 117 at 5. I accept the response as a sworn declaration. For purposes of the defendants' summary-judgment motion, I accept the declaration's factual assertions as true. The declaration says the plaintiff grabbed the canister and broke the sprinkler valve only to defend himself from being sprayed. Even assuming that a prisoner can properly defend himself against an unwarranted spraying by breaking a sprinkler valve and flooding the facility—hardly an obvious proposition—the critical omission in the declaration is any denial that the plaintiff was yelling obscenities at the officer from the outset, before the officer attempted to spray him.

To be sure, the declaration says the spraying was an "unwarranted attack" and that he was defending himself against "illegal excessive unnecessary force." ECF No. 117 at 1-2. But these are conclusions of the kind that are insufficient—unless supported by facts—to stave off summary judgment. A prisoner might well believe, as this plaintiff apparently believes, that yelling obscenities at an officer and thus disrupting a facility does not warrant spraying.

In sum, the plaintiff has not controverted—with materials of a kind properly considered under Federal Rule of Civil Procedure 56—the defendants' evidence that the plaintiff was yelling obscenities and disrupting the facility before any effort was made to spray him. The defendants are entitled to summary judgment

on the spraying claim. The plaintiff has asserted other claims, but they fail for the reasons set out in the report and recommendation. Accordingly,

    IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's opinion. The defendants' renewed motion for summary judgment, ECF No. 116, is GRANTED. The clerk must enter judgment stating, "The complaint is dismissed with prejudice." The clerk must close the file.

    SO ORDERED on September 13, 2011.

                                            <u>Robert L. Hinkle</u>
                                            United States District Judge